J-A22029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMONT W. HENRY | |
| Appellant | No. 2108 MDA 2015 |

Appeal from the Judgment of Sentence September 30, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001054-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 07, 2016**

Appellant, Jamont W. Henry, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, Criminal Division, following his *nolo contendere* plea to aggravated assault with a deadly weapon, possession with intent to deliver a controlled substance ("PWID"), and criminal conspiracy to deliver a controlled substance.[1] We remand for further proceedings consistent with this memorandum.

The relevant facts and procedural history of this case are as follows. On March 23, 2014, the police responded to a report of a male screaming in the back of a residence and carrying a gun. The man, later identified as the

---

[1] 18 Pa.C.S.A. § 2702(a)(4); 35 Pa.C.S.A § 780-113(a)(30); and 18 Pa.C.S.A. § 903; respectively.

Appellant, became emotionally distraught when he observed his paramour, who lived with him, engaging in sexual relations with another man. Appellant fired a warning shot near the two individuals to stop them. When officers arrived at the scene and placed Appellant into custody, they conducted a sweep of the residence and discovered storage containers, one of which was filed with individual packets of heroin.

That day, the Commonwealth filed a criminal complaint against Appellant charging him with various drug- and firearm-related offenses. Appellant waived his arraignment on June 2, 2014. Following his preliminary hearing and pre-trial omnibus motion hearing, the court dismissed some of Appellant's charges. Appellant entered a plea of *nolo contendere* to aggravated assault with a deadly weapon, PWID, and criminal conspiracy to deliver a controlled substance on November 24, 2015. In exchange for the plea agreement, the Commonwealth agreed to drop all of the remaining charges against Appellant. Attorney Donna DeVita of the Public Defender's Office represented Appellant during the plea process. The court sentenced Appellant to 2 to 5 years' imprisonment for aggravated assault, 18 months to 36 months' imprisonment for PWID, and 18 months to 36 months' imprisonment for criminal conspiracy, both of which were to run concurrent with the aggravated assault sentence.

Appellant filed *pro se* post-sentence motions to withdraw his plea and for the reconsideration of his sentence. The court forwarded the motions to

Attorney DeVita, but counsel never filed anything of record relating to them. Appellant filed a *pro se* notice of appeal. The court ordered, pursuant to Pa.R.A.P. 1925(b), Appellant to file a concise statement of errors complained of on appeal, but Attorney DeVita never filed one. Instead, the court filed a Rule 1925(a) opinion stating that it knew Appellant wished to file an appeal, but the court was unsure of Appellant's specific appellate issues.

Appellant filed a second *pro se* notice of appeal on December 2, 2015, and this Court received the notice of appeal on December 8, 2015. Attorney DeVita was placed on the docket as counsel and was sent an order directing her to file a docketing statement, but counsel never filed one. This Court issued an order remanding to the trial court for a hearing to determine whether counsel abandoned Appellant. After the hearing, the court entered an order finding Attorney DeVita did not abandon Appellant and recommended Appellant's appellate rights be reinstated. Of her own accord, Attorney DeVita filed a "notice of appeal *nunc pro tunc*" which she docketed at 704 MDA 2016, a docket separate from the instant appeal, even though Appellant's direct appeal rights were never reinstated and Attorney DeVita neither sought nor was granted permission to file an appeal *nunc pro tunc* below. Thereafter, Attorney DeVita filed an application for the consolidation of the appeals. This Court denied the application and quashed the appeal at 704 MDA 2016, as untimely and duplicative. Appellant filed his brief with this Court.

- 3 -

Appellant raises two issues for our review:

> WHETHER THE LOWER COURT IMPOSED AN ILLEGAL SENTENCE WHEN IT STATED IN THE SENTENCING ORDER THAT IT WAS IMPOSING A SENTENCE ON 18 PA.C.S.A § 2702(A)(1), A FIRST DEGREE FELONY, WHEN [APPELLANT] HAD PLED [*NOLO CONTENDERE*] TO 18 PA.C.S.A. § 2702(A)(4), A SECOND DEGREE FELONY?
>
> WHETHER THE LOWER COURT ERRED WHEN IT FAILED TO HONOR [APPELLANT'S] PLEA AGREEMENT WITH THE COMMONWEALTH THAT [APPELLANT'S] SENTENCE WOULD BE TWO YEARS?

Appellant's Brief, at 4.

Before we address the merits of Appellant's issues on appeal, we must first determine whether Appellant has preserved his claims for our review. Failure to file a Rule 1925(b) statement generally constitutes a waiver of all issues. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). In **Lord**, our Supreme Court established a bright line rule that provided, "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Id**.

Our Supreme Court, however, amended Rule 1925 to provide a remedy where a criminal appellant's counsel fails to file a court-ordered Rule 1925(b) statement.[2] Section 1925(c)(3) provides:

---

[2] Rule 1925 was amended on May 10, 2007, and again on January 13, 2009.

- 4 -

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been [*per se*] ineffective, the appellate court shall remand for the filing of a Statement [*nunc pro tunc*] and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In interpreting Rule 1925(c)(3), this Court has held that counsel's failure to file a Rule 1925(b) statement constitutes *per se* ineffectiveness. **See Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa. Super. 2009) (*en banc*).

The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Thus[,] *untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are per se ineffectiveness of counsel from which appellants are entitled to the same prompt relief*.

The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing.

*Id*. at 432–33 (footnote omitted) (emphasis added).

If counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the court in its opinion should note the *per se* ineffectiveness of counsel and permit counsel to file a statement *nunc pro tunc* or appoint new counsel "because a failure to comply with the order would prohibit appellate review." **Commonwealth v. Thompson**, 39 A.3d

335, 341 n.11 (Pa. Super. 2012) (citing **Burton**, 973 A.2d 432 ("Filing of Rule 1925 concise statement when ordered is a 'prerequisite to appellate merits review' and is 'elemental to an effective perfection of the appeal.'"))

Instantly, Appellant filed *pro se* post-sentence motions relating to his plea and his sentence; the court forwarded the motions to Attorney DeVita, but counsel did nothing. Appellant filed a *pro se* notice of appeal, and the court ordered a Rule 1925(b) statement, but Attorney DeVita never filed one. Appellant filed a second *pro se* notice of appeal and this Court placed Attorney DeVita on the docket as counsel and was sent an order directing her to file a docketing statement, but counsel never filed one. This Court issued an order remanding the appeal to the trial court for a hearing to determine whether Attorney DeVita abandoned Appellant. After the court determined counsel did not abandon Appellant, Attorney DeVita filed a "notice of appeal *nunc pro tunc*" which she docketed at a separate docket from the instant appeal, even though Appellant's direct appeal rights were never reinstated and Attorney DeVita neither sought nor was granted permission to file an appeal *nunc pro tunc* below. Attorney DeVita then filed an application for consolidation of the appeals, which this Court ultimately denied.

Given Attorney DeVita's consistent and continuous *per se* ineffectiveness, we remand this case back to the trial court with the directive to remove Attorney DeVita as counsel and to appoint new counsel to assist

Appellant. *See Burton,* 973 A.2d at 431-33; *Thompson,* 39 A.3d at 341. To restore Appellant's constitutional rights, new counsel must *promptly* review Appellant's plea and sentence claims, file post-sentence motions *nunc pro tunc*, and file an appeal, if necessary, along with a Rule 1925(b) statement, if ordered. In other words, new counsel may file proper post-sentence motions, and depending on the outcome, a counseled appeal. Accordingly, Appellant can be placed in the same position he would have been in if Attorney DeVita had performed her duties, and Appellant's issues may be properly preserved for the trial court and any subsequent appellate review.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016